IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MARVIN E. TAYLOR, #1990377 §
§
VS. § CIVIL ACTION NO. 4:16cv672
§
DIRECTOR, TDCJ-CID §

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner filed objections.

In Petitioner's objections, he primarily reurges that he was denied due process in the revocation of his parole, relying upon *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). The Report notes that Petitioner's deferred adjudication was revoked because he tested positive for morphine and oxycodone, he failed to pay probation fees, he failed to pay restitution, and he failed to begin community supervision. The Report reflects that the state habeas court considered this issue, and concluded that Petitioner's due process rights were not violated. The state habeas court found that the procedure for revocation of probation in Texas does not provide the same preliminary hearing discussed in *Gagnon* and *Morrissey*. It noted, "the procedural safeguards [that] are provided in the Texas Code of Criminal Procedure, including the requirement for adequate notice in the motion to revoke and a hearing in the trial court before revocation may be ordered, have been found sufficient to satisfy the probationer's due process rights

1

under the constitutions of this State and of the United States. *See Whisenant v. State,* 557 S.W.2d 102, 104-05 (Tex. Crim. App. 1977)." WR 84,9501-01 at 174.

Petitioner's underlying complaint appears to be the period of time between his arrest on March 24, 2012, until the final adjudication of his guilt on April 1, 2015. He mixes this issue with the right to a speedy trial. The state habeas proceedings show that Petitioner never asserted his right to a speedy trial, nor was the right violated. WR-84,950-01 at 176-177. In the state proceedings, it is noted that Petitioner had four different attorneys during that time period, various continuances were granted, and a trial was cancelled – all without complaint or objections from Petitioner. Petitioner also cites to *Whisenant* in which the court noted that, "upon request, the court should make specific findings of fact as to the basis for revocation." *Whisenant,* 557 S.W.2d at 105. The Court notes there's nothing in the record showing, nor does Petitioner allege, that he requested such findings. This objection is frivolous.

As to Petitioner's assertion that prosecutorial misconduct was involved in the adjudication of guilt, the state habeas court concluded that Petitioner "violated at least one condition of his community supervision, [and] no prosecutorial misconduct was involved in the adjudication of his community supervision." WR-84,950-01 at 179. The record shows that Petitioner violated several conditions of his community supervision, and the violation of a single condition of probation is sufficient to support revocation in Texas. *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978). This objection is also frivolous. Petitioner fails to show that the state court proceedings were objectively unreasonable under the AEDPA. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011).

Petitioner's last objection is to the Report's recommendation that a certificate of appealability be denied. The Court has considered Petitioner's case and concludes that reasonable jurists could

not debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealabilty will be denied.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is therefore **ORDERED** the petition is **DENIED** with prejudice. Additionally, a certificate of appealability is **DENIED**. It is finally **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 27th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE